Aaron JOHNSON Plaintiff–Appellant,

v.

CITY OF MENLO PARK; Jan Dolan; David Wheaton; Glen H. Kramer; Jill Ehrhorn; Jeffries & Associates; Don Jeffries Defendants–Appellees.

No. 99–17382.

D.C. NO. CV–98–02858–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2001.

Decided April 2, 2001.

Before REINHARDT, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Aaron Johnson ("Johnson") brought an action under 42 U.S.C. § 1983 arising out of the city of Menlo Park's termination of his employment. He raises a number of constitutional claims against the city and various individual defendants. The district court granted summary judgment to all defendants on all claims, and Johnson now appeals. We affirm the grant of summary judgment as to all claims except the claim that Johnson was terminated in retaliation for speech protected under the First Amendment.

■ Johnson argues that his employment was terminated in retaliation for the exercise of his First Amendment rights.

In order to establish a retaliatory discharge, an employee must demonstrate that he engaged in constitutionally protected speech that was a substantial or motivating factor in his termination. *Keyser v. Sacramento City Unified Sch. Dist.*, 238 F.3d 1132, 1139 (9th Cir.2001). Johnson has shown that he participated in constitutionally protected speech. Although the gap in time between his protected speech and the termination weighs against a finding that the discharge was retaliatory, Johnson has presented sufficient evidence to create a triable issue of material fact as to whether his speech was a substantial motivating factor in the decision to terminate him. Johnson presented testimony from several sources that his superiors expressed strong disapproval of his protected speech activity and evidence that the city had not disciplined other employees who were accused of engaging in similar misconduct. The unusual manner in which his termination was handled also suggests that his protected speech may have been a factor in his termination. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir.1989). Although the city argues that Johnson would have been terminated in any event, Johnson has raised a genuine issue of material fact and we are therefore unable to decide the question of motive on summary judgment. *See, e.g., Peacock v. Duval*, 694 F.2d 644 (9th Cir.1982). Accordingly, we reverse the grant of summary judgment on Johnson's First Amendment claim.[1]

■ Johnson also contends that his pre and post-termination due process rights were violated. Johnson was accorded all the process that was due prior to his

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Because the district court did not analyze the question of qualified immunity separately from the issue of whether there was a constitutional violation, we do not reach that question on this appeal.

termination because he was given a sufficient explanation of the city's evidence against him and an opportunity to present his side of the story. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Because the additional interviews conducted by the city prior to the termination did not result in the discovery of evidence material to the charges, due process did not require that Johnson be given an opportunity to respond. As to Johnson's post-termination contention, any potential bias on the part of the decisionmaker at Johnson's first post termination hearing was cured at the final step of the post-termination process—a hearing before a neutral arbitrator; it was not necessary for him to institute judicial proceedings in order to obtain a fair hearing. *Cf. Clements v. Airport Authority of Washoe County,* 69 F.3d 321, 333 (9th Cir.1995). Moreover, counsel conceded that there was no one else in the city administration who could have substituted for the city manager, and that Johnson did not request that someone other than Dolan conduct the hearing. Accordingly, the district court did not err in granting summary judgment to the defendants on Johnson's due process claims.

■ Johnson argues that he was deprived of his reputational liberty interest without due process of law because the reasons for his termination damaged his reputation and standing in the community. We need not address whether the retention of information in his personnel file regarding the charges implicates a liberty interest because the vindication of Johnson in the arbitrator's report, and the inclusion of that report in the file, would cure any possible injury that might otherwise result from the retention in the file of information relating to the charges. *Mustafa v. Clark County Sch. Dist.,* 157 F.3d 1169, 1179 (9th Cir.1998). Johnson's other reputational liberty claims fail because he has not offered evidence sufficient to raise a genuine issue of material fact as to whether the defendants publicly disclosed the nature of the charges against him. *Id.* at 1178.

■ Finally, Johnson contends that his Fourth Amendment rights were violated when his employer and the police confiscated certain items in the course of their search of his office. However, as Johnson had no legitimate possessory interest in the property seized, his Fourth Amendment rights were not violated. *See Soldal v. Cook County, Illinois,* 506 U.S. 56, 63, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992).

Accordingly, we reverse the district court's grant of summary judgment on Johnson's First Amendment claim, but affirm as to all other claims.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this disposition.

RYMER, Circuit Judge, concurring in part and dissenting in part.

I would also affirm on the retaliation claim because there is no substantial evidence raising a triable issue of fact of nexus between Johnson's speech in 1993 and his termination in 1997, or showing that Menlo Park would not have done what it did anyway.